UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP B. HAUSKEN,

        Plaintiff,

v.

DR. CAL COGBURNE,

        Defendant.

Case No. C17-0198-JLR-MAT

REPORT AND RECOMMENDATION

This is a civil rights action brought under 42 U.S.C. § 1983. The complaint filed in this action was one of four civil rights complaints received from plaintiff Phillip Hausken on February 7, 2017. Plaintiff, who was then confined at the Monroe Correctional Complex – Special Offender Unit (MCC-SOU), asserted essentially the same claim in each of his four complaints; *i.e.*, that he was suffering serious side effects from the Haloperidol prescribed by his MCC-SOU doctor, Cal Cogburne, and that his requests to have the Haloperidol replaced with another medication had been ignored. The instant action was permitted to proceed while the three other actions were dismissed. *See Hausken v. Cogburne*, C17-195-RSL-MAT; *Hausken v. Cogburne*, C17-196-JLR-BAT; and *Hausken v. Cogburne*, C17-198-JLR-MAT.

REPORT AND RECOMMENDATION - 1

On March 6, 2017, the Court issued orders granting plaintiff leave to proceed with this action *in forma pauperis* and directing service of plaintiff's complaint on defendant Cogburne. (*See* Dkts. 3, 5.) Defendant Cogburne filed his waiver of service of summons on April 14, 2017, and on April 18, 2017 the MCC law librarian, having received this filing for plaintiff through the Court's electronic filing system, advised the Court that plaintiff had recently passed away. (Dkts. 6, 7.) On April 24, 2017, counsel filed a notice of appearance on behalf of defendant Cogburne, and also submitted a statement noting plaintiff's death. (Dkts. 8, 9.) Defendant filed an answer to plaintiff's complaint on May 5, 2017, and included therein was a declaration by defendant's counsel that he was unable to effect service of the document on plaintiff, who was believed to be deceased, and that he had made inquiries as to plaintiff's next of kin, but was "unaware of any next of kin." (Dkt. 10 at 4.)

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that if a party to an action dies, and the claim is not extinguished, the action shall be dismissed as to the deceased party unless substitution is made within 90 days of the service of a suggestion of death. *See* Fed. R. Civ. P. 25(a)(1). Because plaintiff's request for relief included a request for damages, plaintiff's claim was not extinguished by his death and, thus, the provisions of Rule 25 come into play.

In *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994), the Ninth Circuit held that Rule 25 requires two affirmative steps to trigger the running of the 90-day period. "First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and non-party successors of the deceased with the suggestion of death ...." *Id*. While defendant Cogburne completed the first step of this process by filing a notice of death, he has been unable to complete the second step because, as defendant's counsel represented to the

REPORT AND RECOMMENDATION - 2

Court in defendant's answer, he has been unable to identify any next of kin for plaintiff.[1] (*See* Dkt. 10 at 4.) As it appears there is no successor or representative upon whom to serve the suggestion of death, it is reasonable to deem the 90-day period triggered as of the date defendant's counsel made his representations to that effect to the Court; *i.e.*, May 5, 2017, the date defendant's answer was filed. That 90-day time period has now elapsed and no motion for substitution has been filed. Accordingly, plaintiff's complaint and this action should be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on September 8, 2017.

DATED this 15th day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Because plaintiff was in the custody of the Washington Department of Corrections (DOC) at the time he passed away, it seems likely that the DOC, defendant's employer, would have had information regarding plaintiff's successors or representatives if such individuals existed.

REPORT AND RECOMMENDATION - 3